UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL'S CARS, INC.,

Plaintiff,

-vs-                                                          Case No.  5:13-cv-75-Oc-10PRL

HERSHEY CONTRACTING, INC.

Defendant.
_____/

**O R D E R**

    Plaintiff Paul's Cars, Inc., ("Paul's Cars") a Florida corporation located in Mascotte, Florida, has filed a declaratory judgment action against Defendant Hershey Contracting, Inc., ("Hershey") an Ohio corporation located in Wooster, Ohio, seeking a declaration that Paul's Cars is not liable to Hershey for the sale of a 1985 Lamborghini Countach (Doc. 2).  The case was originally filed in state court, and was removed to this Court on the basis of diversity jurisdiction (Doc. 1).  See 28 U.S.C. § 1332.

    Hershey has moved to dismiss for lack of personal jurisdiction, or, alternatively, to transfer venue (Doc. 4).  Paul's Cars has filed a timely response in opposition (Doc. 7).  For the reasons discussed below, the Court finds that personal jurisdiction does not exist over Hershey, and its motion to dismiss is due to be Granted.

### Facts of the Case[1]

Hershey contends that on or about October 1, 2012, its President, Russell Hershey, viewed several advertisements posted on the internet for the sale by Paul's Cars of a 1985 Lamborghini Countach, VIN # ZA9C0D500FLA12755KM36985. Hershey viewed these advertisements, which included photographs and videos, in Wayne County, Ohio.  Hershey contends that these advertisements showed a car in pristine condition.

At some point between October 1, 2012 and October 15, 2012, Hershey and Paul's Cars negotiated the sale of the vehicle.  It is not alleged in the Complaint or motion papers, but it appears that the negotiations took place via methods (phone, email, fax) that did not require any representative or agent of Hershey to physically travel to Florida.   No one acting on Hershey's behalf inspected the vehicle before the purchase.  The Parties eventually agreed to a sale price of $83,000, and a bill of sale was executed on October 15, 2012 (Doc. 2, Ex. A).  The bill of sale, which was created by Paul's Cars in Florida, was signed by both Paul's Cars and Hershey, and it appears that it was executed via facsimile transmission.  The bill of sale clearly states that the vehicle was "sold as is."

---

[1]Normally the Court limits its analysis of a motion to dismiss to the facts as alleged on the face of the Complaint.  In this case, Hershey seeks dismissal on the grounds of lack of personal jurisdiction and improper venue, and in such instances, the Court may consider facts outside the Complaint.  See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268 (11th Cir. 2002); Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 (11th Cir. 1999).

The sum of $86,000 was sent by Hershey in Ohio to Paul's Cars in Florida via wire transfer on October 16, 2012.  This sum appears to have included both the purchase price and delivery costs.  Hershey sent an additional sum of $3,000 to Paul's Cars via wire transfer on October 25, 2012 because a wing was not set.  The car was delivered to Hershey on or about October 18, 2012.

Hershey contends that upon receipt of the vehicle, Hershey immediately identified numerous exterior and engine defects.  On January 21, 2013, an attorney representing Hershey wrote to Paul's Cars and demanded that the contract for the purchase of the Lamborghini be rescinded, the purchase price be wired back to Hershey, and the vehicle returned to Paul's Cars at Paul's Cars expense (Doc. 2, Ex. B).  The demand letter from Hershey's counsel stated that Paul's Cars committed fraud by hiding the true condition of the exterior of the Lamborghini, and disguising various engine problems, including extreme smoking of the engine.  Based on this fraud, Hershey contended that the "sold as is" language in the bill of sale was voided.  The letter concluded with a threat by Hershey to file suit against Paul's Cars for rescission and treble damages if Paul's Cars did not rescind the bill of sale by January 25, 2013.

## Discussion

A plaintiff is required to plead sufficient material facts to form a *prima facie* basis for in personam jurisdiction.  If the plaintiff meets this burden, the burden then shifts to the defendant to challenge the plaintiff's complaint by affidavits or other pleadings.

Walack v. Worldwide Machinery Sales, Inc., 278 F. Supp. 2d 1358, 1364 (M.D. Fla. 2003); Hollingsworth v. Iwerks Entertainment, Inc., 947 F. Supp. 473, 476 (M.D. Fla. 1996) (citations omitted).  If the defendant sufficiently challenges the plaintiff's jurisdictional allegations, the plaintiff must affirmatively support his jurisdictional allegations set forth in the complaint.  Walack, 278 F. Supp. 2d at 1364, Hollingsworth, 947 F. Supp. at 476.

In this case, neither Party has submitted any affidavits or documentary evidence in support of their respective positions.  The only materials the Court has before it are the Complaint itself, the bill of sale, the January 21, 2013 demand letter from Hershey's Ohio attorney, and the arguments of counsel.  These documents clearly establish that this Court does not have personal jurisdiction over Hershey.

First, a review of Paul's Cars' Complaint readily shows that Paul's Cars has not made the requisite *prima facie* showing of personal jurisdiction over Hershey.  The Complaint alleges that Hershey "is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 1650 Smith Drive, Wooster, Ohio 44691."  (Doc. 2, ¶ 3).  The Complaint does not identify what acts, if any, Hershey took within the State of Florida, does not allege that the purchase of the Lamborghini was executed in Florida, and does not allege that any potential breaches or fraudulent conduct on the part of Hershey occurred in Florida.  On this basis alone,

the motion to dismiss is due to be granted.[2]  However, even if Paul's Cars had satisfied

its initial burden, the Court finds that there is no personal jurisdiction over Hershey

under Florida's long-arm statute.

A federal court exercising diversity jurisdiction undertakes a two-step inquiry in

determining whether personal jurisdiction exists:  the exercise of jurisdiction must (1)

be appropriate under the state long-arm statute and (2) not violate the Due Process

Clause of the Fourteenth Amendment to the United States Constitution.  United

Technologies Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009); Horizon

Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1166 (11th Cir. 2005).

See also Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989) (stating the

proper test for personal jurisdiction under Florida law).  Federal courts are required to

construe the Florida long-arm statute as would the Florida Supreme Court.  Oriental

Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 890-91 (11th

Cir. 1983).

Florida's long-arm statute, Fla. Stat. § 48.193, provides for both general and

specific jurisdiction over a person.  Section 48.193(2) states that general personal

---

[2]Paul's Cars argues that in the event the Court finds that its Complaint is deficient, it be
granted leave to amend to assert claims which satisfy Fed. R. Civ. P. 8(a), primarily because
Paul's Cars initially filed this case in state court, under state court pleading standards (Doc. 7, p.
6).  However, even applying Florida's arguably more lenient pleading standards, the Court finds
that Paul's Cars has failed to assert a basis for in personam jurisdiction over Hershey.  See e.g.,
John Posey Corp. v. R.J.T. Engineering, Inc., 617 So. 2d 441, 443 (Fla. Dist. Ct. App. 1993);
Taylor Forge Int'l, Inc. v. Speciality Maintenance & Construction, Inc., 685 So. 2d 1360, 1361 (Fla.
Dist. Ct. App. 1996) (both holding that the plaintiff bears the burden of alleging sufficient facts in
his complaint to establish the application of Florida's long-arm statute).

jurisdiction arises from a party's "substantial and not isolated" activities within the forum state that are unrelated to the litigation.  See Fla. Stat. § 48.193(2); Madara v. Hall, 916 F.2d 1510, 1516, n. 7 (11th Cir. 1990).   There are no facts alleged that would demonstrate that Hershey engaged in substantial and not isolated activity in Florida, and Paul's Cars does not dispute this.  Therefore this Court does not have general personal jurisdiction over Hershey.

Florida's long-arm statute also provides for specific personal jurisdiction, whereby the party's actions that form the basis of the litigation can themselves establish personal jurisdiction.  Fla. Stat. § 48.193(1).  Paul's Cars contends that the underlying events and actions which form the basis of its declaratory judgment case can establish either a breach of the sales contract or fraud, and that these underlying events and actions would have taken place in Florida, thereby providing personal jurisdiction under Fla. Stat. §§ 48.193(1)(a)(2) and (1)(a)(7).[3]

Paul's Cars reliance on these provisions is misplaced.  To be sure, the only facts submitted to the Court in this case can be interpreted either to establish a claim for breach of the bill of sales or a tort claim of fraud.  However, the facts undisputedly show that the only party to have committed any purported fraud or a breach of the contract

_____

[3]Fla. Stat. § 48.193(1)(a)(2) provides for specific in personam jurisdiction over a person for any cause of action arising from a tortious act committed by that person within Florida.  Section 48.193(1)(a)(7) provides for specific in personam jurisdiction over a person for any cause of action arising from a breach of contract by that person in Florida where the person fails to perform acts required by the contract to be performed in Florida.

-6-

in Florida would have been <u>Paul's Cars</u>, **not** <u>Hershey</u>.  Stated differently, no Party has alleged that Hershey itself committed any fraudulent acts or breached the bill of sales; Hershey performed as required under the sales contract.  There is also nothing in the record before the Court that could be interpreted to show that Hershey committed any acts in Florida which would constitute a fraud or breach of contract.  Thus, the provisions of Fla. Stat. §§ 48.193(1)(a)(2) and (1)(a)(7) are not satisfied, and there is no specific in personam jurisdiction over Hershey.

The only act Hershey is alleged to have committed for jurisdictional purposes is entering into an isolated sales contract with a Florida company for the purchase of a single motor vehicle.  "The fact that a foreign defendant contracts with a Florida resident is not enough to establish personal jurisdiction over the foreign defendant." <u>Walack</u>, 278 F. Supp. 2d at 1366 (citing <u>Washington Capital Corp. v. Milandco, Ltd., Inc.</u>, 695 So. 2d 838, 841 (Fla. Dist. Ct. App. 1997).  <u>See also</u> <u>Einmo v. Aecom Government Services, Inc.</u>, No. 8:06-cv-1371-T-27TBM, 2007 WL 2490816 at * 7 (M.D. Fla. Aug. 21, 2007).  Thus, even if Paul's Cars had made a *prima facie* showing of the Court's jurisdiction, the evidence before the Court sufficiently establishes that there is no personal jurisdiction over Hershey under Florida's long-arm statute.  And because Paul's Cars has failed to demonstrate personal jurisdiction, the Court need not consider whether traditional notions of due process have been satisfied.[4]

---

[4]Paul's Cars reliance on <u>Industrial Cas. Ins. Co. v. Consultant Associates, Inc.</u>, 603 So. 2d (continued...)

## **Conclusion**

There is an interesting twist about this litigation.  While Paul's Cars cannot pursue the case in Florida, it appears to be highly probable that neither can Hershey maintain a suit in Ohio.  See Ohio Rev. Code Ann. § 2307.382 (Ohio's Long-Arm Statute); Bradley Shoptaw v. I & A Auto Sales, Inc., No. 12AP-453, 2012 WL 6738672 (Ohio Ct. App. Dec. 31, 2012).  So, while Paul's Cars has lost this battle, it may yet win the war concerning selection of the proper forum state.

Accordingly, upon due consideration, the Motion of Defendant Hershey Contracting, Inc., to Dismiss Case, or, in the Alternative, to Change Venue (Doc. 4) is GRANTED.  The Defendant's Motion for Hearing (Doc. 9) is DENIED AS MOOT.  The Clerk is directed to enter judgment dismissing this case for lack of personal jurisdiction, to terminate all pending motions, and to close the file.

IT IS SO ORDERED.

---

[4](...continued)
1355 (Fla. Dist. Ct. App. 1992) is also misplaced.  In Industrial, the state court was faced with a claim for breach of a contract for services, where the majority of the services were performed in Florida.  More importantly, the party that allegedly breached the services contract was the foreign corporation fighting personal jurisdiction.  In contrast, the present case involves an isolated contract for the purchase of a single item – there are no ongoing obligations that would create minimum contacts in Florida.  And, the defendant in the present case is not alleged to have committed any breach or other wrongdoing.  Moreover, as the Supreme Court stated in Burger King Corp. v. Rudzewicz: "If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer is that it cannot."  471 U.S. 462, 478, 105 S. Ct. 2174, 2185 (1985) (emphasis in original).

DONE and ORDERED at Ocala, Florida this 16th day of September, 2013.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy